UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
PETRACO OIL CO. LTD.

                Plaintiff,                      08-cv-03115 (PAC)(THK)

  -against-                            **MOTION TO INTERVENE**

PROGETRA S.A.

                Defendant.
-----------------------------------------------------x

      PLEASE TAKE NOTICE THAT, upon the annexed complaint and pursuant to Local Admiralty Rule E.2, Federal Admiralty Rule E(4)(f), and Rule 24 of the Federal Rules of Civil Procedure:

      1.     Raiffeisen Zentralbank Österreich AG ("RZB"), an Austrian bank with its headquarters in Vienna, Austria, moves this Court, before the Honorable Paul A. Crotty, United States District Judge, at a time and place as determined by the Court, for leave to intervene in this action and to file the intervening complaint attached hereto as Exhibit 1.

      2.     By its verified complaint filed March 27, 2008, Plaintiff alleged that it had an admiralty and maritime claim against Defendant Progetra with respect to a sale of goods contract attached to Plaintiff's complaint as Exhibit A. However, that contract is clearly a standard sales contract between two foreign business entities the alleged breach of which is not a U.S. maritime claim.

      3.     Pursuant to Federal Admiralty Rule B, on April 1, 2008, this Court issued an Order directing the Clerk to issue a maritime attachment in an amount up to $783,758.08.

4. Thereafter, pursuant to Rule B, an electronic funds transfer ("EFT") attachment occurred in the amount of $502,295.04. This sum was purportedly an asset of Defendant Progetra. However, it was an asset of RZB and RZB therefore moves for intervention.

5. Pursuant to Local Admiralty Rule E.2 and Rule 24, RZB claims an interest in the attached EFT in the amount of $502,295.04, plus available interest, and RZB is so situated that disposing of this action without RZB may as a practical matter impair or impede RZB's ability to protect its interest.

6. Pursuant to Local Admiralty Rule E.2 and Rule 24(c), the grounds for RZB's intervention are as follows:

(a) the EFT attachment concerned a payment made by DZ Bank directly to RZB at RZB's account at JP Morgan Chase;

(b) the EFT attachment concerned an underlying sale of goods, namely 3,328.160 metric tons of diesel fuel under a purchase contract number 728540 dated January 23, 2008 between Vitol S.A. of Switzerland as purchaser and Defendant Progetra as seller;

(c) Pursuant to an assignment contract dated January 4, 2007, Progetra assigned to RZB all of its rights and receivables under sales contracts financed by RZB, including the receivables under contract number 728540;

(d) RZB has an interest in this case as the underlying payment to RZB's account at JP Morgan Chase was made in respect of the delivery of the 3,328.160 metric tons of diesel fuel, and RZB was at all times the legal and beneficial owner of the

attached $502,295.04 EFT amount. At no relevant time was such attached amount an asset of Progestra;

    (e)    Plaintiff has not filed a valid prima facie admiralty claim against Defendant; and

    (f)    Defendant's property cannot be found in this District.

7.    Other grounds for RZB's intervention are that, as outlined in the accompanying Complaint setting out the claim for which intervention is sought: (1) RZB respectfully requests a prompt hearing pursuant to Admiralty Rule E(4)(f) and Local Admiralty Rule E.1, such that the attachment can be vacated and the attached EFT amount ($502,295.04) transferred/returned to RZB, and (2) this case arises from a standard sale of goods contract and therefore this Court lacks admiralty jurisdiction.

Date: June 6, 2008

                                              *[signature]*
                                              Jorn A. Holl (JH 1119)
                                              Kavanagh Maloney & Osnato LLP
                                              415 Madison Avenue
                                              New York NY 10017
                                              (212) 207-8400
                                              jholl@kmollp.com

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
PETRACO OIL CO. LTD.

                    Plaintiff,                    08-cv-03115 (PAC)(THK)

  -against-                           **INTERVENING COMPLAINT**

PROGETRA S.A.

                    Defendant.
------------------------------------------------------x

        Intervenor, Raiffeisen Zentralbank Österreich ("RZB"), by its attorneys Kavanagh Maloney & Osnato LLP, as and for its intervening complaint, alleges as follows:

        1.      By its verified complaint filed March 27, 2008, Plaintiff Petraco Oil Co. Ltd. ("Petraco") alleged that it had an admiralty and maritime claim against Defendant Progetra S.A. ("Progetra") with respect to a sale of goods contract attached to Petraco's complaint as Exhibit A. In paragraph 1 of its complaint, Petraco alleged that this case falls under this Court's admiralty jurisdiction.

        2.      The contract attached to Petraco's complaint was a standard sale of goods contract, the breach of which is not an admiralty or maritime claim. A plaintiff cannot convert a standard foreign contract claim into a U.S. maritime claim by inserting the words "various maritime aspects."

        3.      Pursuant to Federal Admiralty Rule B, on April 1, 2008, this Court issued an Order directing the Clerk to issue a maritime attachment in an amount up to $783,758.08.

4. Thereafter, pursuant to Rule B, an electronic funds transfer ("EFT") attachment occurred in the amount of $502,295.04. This sum was purportedly an asset of Progetra. However, such amount belonged entirely to RZB and RZB therefore intervenes.

5. Pursuant to Local Admiralty Rule E.2 and Rule 24, RZB claims an interest in the attached EFT in the amount of $502,295.04, plus all available interest, and RZB is so situated that disposing of this action without RZB may as a practical matter impair or impede RZB's ability to protect its interest.

6. The EFT attachment concerned a payment made by DZ Bank to RZB at RZB's account at JP Morgan Chase.

7. The EFT attachment concerned an underlying sale of goods, namely 3,328.160 metric tons of diesel fuel under a purchase contract number 728540 dated January 23, 2008 between Vitol S.A. of Switzerland as purchaser and Defendant Progetra as seller.

8. Pursuant to an assignment contract dated January 4, 2007, Progetra assigned to RZB all of its rights and receivables under sales contracts financed by RZB, including the receivables under contract number 728540.

9. DZ Bank's payment to RZB's account at JP Morgan Chase was made in respect of the delivery of the 3,328.160 metric tons of diesel fuel, per contract number 728540.

10. RZB was at all times the legal and beneficial owner of the attached $502,295.04 EFT amount.

11. The attached $502,295.04 EFT amount was not being wired to Defendant Progestra. Progestra did not have rights in such attached EFT amount. The attached EFT amount was not an asset of Progestra.

12. Claims under a sales contract requiring a seller to indemnify the purchaser for demurrage charges incurred by the purchaser are not maritime claims.

13. Permitting Rule B attachments on the basis of vague references to "maritime aspects related to a sales contract" would extend this Court's admiralty jurisdiction to virtually all standard international sales of goods contracts that involve EFTs that pass through this District.

WHEREFORE, Intervenor RZB, prays:

a. for a prompt hearing pursuant to Admiralty Rule E(4)(f) and Local Admiralty Rule E.1, such that the EFT attachment in this case can be vacated, because: (i) Petraco does not have a valid prima facie admiralty claim against Progetra, and/or (ii) Progetra's property cannot be found in this District, and/or (iii) under the applicable sales contract signed by Petraco and Progetra, the courts of England have exclusive jurisdiction over all aspects of this case;

b. that the attached EFT amount, $502,295.04, currently in the hands of the marshal or a substitute custodian, be transferred/returned to RZB, with all available interest, such that RZB can be returned to the position it would have been in, had the attachment not occurred, and the underlying EFT completed as intended; and

      c.      for such other, further and different relief as this Court may deem just and proper.

Dated: June 6, 2008

                                                                        _____
Jorn A. Holl (JH 1119)
Kavanagh Maloney & Osnato LLP
415 Madison Avenue
New York NY 10017
(212) 207-8400
jholl@kmollp.com

Attorneys for RZB