UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

PETRACO OIL CO. LTD.,

                Plaintiff,

-against-

PROGETRA SA,

                Defendant.
-------------------------------------------------------x

Index No. 08cv03115 (PAC)

AFFIRMATION IN SUPPORT OF
MOTION TO VACATE
ATTACHMENT AND
DISMISS VERIFIED COMPLAINT

**I, David I. Faust, affirm under the penalty of perjury that:**

1.    I, David I. Faust, am a partner of Faust Oppenheim LLP, attorneys for the defendant in the above entitled action. As such, I am familiar with the facts and circumstances herein. I submit this Affirmation in Support of defendant Progetra SA's motion requesting this Court to issue an Order (i) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule E(4)(f) of the Supplemental Admiralty Rules to vacate the Rule B attachment (ii) dismiss the verified complaint of Petraco Oil Co., Ltd. and (iii) an award of costs and attorneys fees to the Progetra SA.

2.    Defendant Progetra SA is entitled to the relief sought because, as spelled out in further detail in the accompanying Memorandum of Law:

    a. Plaintiff failed to use the proper channels in serving process on defendant;
    b. this Court lacks jurisdiction to hear this dispute because there has been no prima facie showing that this is a maritime or admiralty action under 28 U.S.C. §1333;
    c. this Court lacks jurisdiction to hear this dispute because there is no Federal Question under 28 U.S.C. §1331;
    d. this Court lacks jurisdiction to hear this dispute because the contract in dispute contains an unambiguous choice of law, venue and jurisdiction clause designating English law and arbitration in London, England; and

    e. Defendant is entitled to recovery for interest on the wrongfully attached funds, its costs, including attorney's fees for defending this improper attachment and meritless action.

WHEREFORE, I respectfully request that the Court grant defendant's motion, as well as such other and further relief as may be just and proper.

**I declare under the penalty of perjury that the foregoing is true and correct.**

Dated:    New York, New York
             June 26, 2008

                                FAUST OPPENHEIM LLP

BY: _____
David I. Faust (DF-9739)
488 Madison Avenue, 17th Floor
New York, New York 10022
T: (212) 751-7700
Attorneys for Defendant, Progetra SA

FAUST OPPENHEIM LLP
David I. Faust (DF-9739)
Petra von Ziegesar (PV-3568)
488 Madison Avenue, 17th Floor
New York, New York 10022
T: (212) 751-7700
Attorneys for Defendant, Progetra SA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PETRACO OIL CO. LTD.,

                Plaintiff,

                                   Index No. 08cv03115 (PAC)

    -against-

PROGETRA SA,

                Defendant.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PROGETRA SA'S
MOTION TO VACATE THE RULE B ATTACHMENT OF PLAINTIFF
AND DISMISS THE VERIFIED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ........................................................................ ii

PRELIMINARY STATEMENT .................................................................. 1

FACTS ......................................................................................................... 1

LEGAL ARGUMENT

POINT 1: RESTRICTED APPEARANCE ................................................ 3

POINT 2: FAILURE TO PROPERLY SERVE PROCESS IN SWITZERLAND REQUIRES DISMISSAL ........................................... 4

POINT 3: THERE IS NO MARITIME/ADMIRALTY CLAIM; RULE B DOES NOT APPLY; ORDER DIRECTING THE CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT MUST BE VACATED AND PROGETRA SA ENTITLED TO COSTS AND ATTORNEY'S FEES ......... 4

POINT 4: ARBITRATION CLAUSE DESIGNATES ENGLISH LAW AND LONDON ARBITRATION IT DOES NOT CREATE JURISDICTION IN THE UNITED STATES ............................................................................ 10

POINT 5: THERE IS NO FEDERAL QUESTION THIS COURT LACKS JURISDICTION ........................................................................................ 12

POINT 6: THE COMPLAINT SHOULD BE DISMISSED AS THIS COURT LACKS SUBJECT MATTER JURISDICTION ....................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                   **Page**

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.,
460 F.3d 434, 443 (2d Cir. 2006) .................................................................... 5

Fednav, Ltd. v. Isoromar, S.A.,
925 F.2d 599, 601 (2d Cir. 1991) .................................................................... 7

Ingersoll Milling Machine Co. v. M/V Bodena,
829 F.2d 293, 301-302 (2d Cir. 1987) ............................................................. 7, 8

Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.,
476 F. Supp. 119, 125 (S.D.N.Y. 1979) .......................................................... 5, 6

Makarova v. United States,
201 F.3d 110, 113 (2d Cir. 2001) .................................................................... 12

Naias Marine SA v. Trans Pacific Carriers Co., Ltd.,
2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. 2008) ................................................ 8, 9

Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co.,
151 F.440, 443 (7th Cir. 1907) ........................................................................ 7

Pires v. Heller,
2004 U.S. Dist. LEXIS 23871, *8 (S.D.N.Y. 2004) ........................................ 6

Matter of Arbitration between Standard Tallow Corp. and Kil-Management A/S,
901 F.Supp. 147, 149-150 (S.D.N.Y. 1995) ................................................... 11

**Other Authorities**                                             **Page**

28 U.S.C. §1331 ................................................................................................. 11
28 U.S.C. §1333 ................................................................................................. 4
Convention on the Recognition and Enforcement of Foreign Arbitral Awards ........... 2, 11, 12
Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil
or Criminal Matters (done at The Hague, November 15, 1965) ........................ 4
Federal Arbitration Act ..................................................................................... 2
Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims .......... 1, 4, 9-12
Rule E(2)(b) of the Supplemental Rules for Certain Admiralty and Maritime
Claims ................................................................................................................ 9
Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims .. 1, 6
Rule E(8) of the Supplemental Rules for Certain Admiralty and Maritime Claims ...... 3
Rule 12(b)(1) of the Federal Rules of Civil Procedure ................................... 1, 12
7A Moore's Federal Practice P.230, at 2761 (1988) ....................................... 4
1 Benedict on Admiralty § 183 (7th Ed. 1974) ................................................ 5
Criminal Code of Switzerland, Article 271 ...................................................... 4

Defendant, PROGETRA SA ("PROGETRA"), through its attorneys, Faust Oppenheim LLP, submits this memorandum of law in support of its motion to vacate the Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules") attachment, quash the order directing the clerk to issue attachment and garnishment and dismiss the Verified Complaint of plaintiff PETRACO OIL CO. LTD ("PETRACO"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule E(4)(f) of the Supplemental Rules as well as for an award of for interest on the wrongfully attached funds, legal fees, costs and such other relief as the Court deems just.

## PRELIMINARY STATEMENT

The dispositive issue for adjudication by this Court is whether the plaintiff's claim for alleged non-payment of demurrage and potential legal fees and costs that may be incurred after commencing its claim in London arbitration constitutes a valid *prima facie* admiralty claim within the purview of Rule B of the Supplemental Rules. We submit that a claim for damages for payment of demurrage and potential legal fees based on not yet commenced arbitration based upon a contract for the sale of gasoil where neither of the parties are the vessel owner, its supplier or vendor, the freight forwarder or the insurance company is not maritime and thus the Rule B of the Supplemental Rules maritime Attachment must be vacated, the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment must be quashed and the Verified Complaint must be dismissed.

## FACTS

This Court has been misled into improvidently granting relief in a matter in which it has no jurisdiction. This is a dispute between an Italian plaintiff with a registered office in the Channel Islands and a Russian defendant with a registered office in Switzerland. The dispute relates to alleged liability for demurrage and other charges pertaining to a shipment of gasoil[1] from Russia to Italy. The dispute is between the buyer and the seller of the gasoil neither of which provided any maritime services to each other or anyone else. The ship/ship owner is not a party. Singularly absent is any United States party or any allegation of an action or transaction in, to, from or affecting the United States.

Plaintiff seeks to create non-existent federal subject matter jurisdiction by mislabeling its claim as "maritime" and, equally inappropriately, citing the Federal Arbitration Act ("FAA") and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Plaintiff concedes that the alleged contract between the parties calls for arbitration of disputes is to be held in London under English law. See, Verified Complaint, Para. 9. The Convention provides a mechanism for enforcing arbitral awards; Plaintiff has no such award to enforce.

Plaintiff wrongfully induced this Court to let it seize assets to be held hostage – to force Defendant to pay sums not due – by mislabeling a contract for the purchase and sale of gasoil as a "maritime" matter. Plaintiff knows that, by wrongfully tying up Defendant's funds for what Plaintiff recognizes could be years (as the London arbitration

---

[1] Gasoil is heating oil used for residential purposes throughout Europe as well as diesel fuel for certain medium sized non-roadway vehicles, such as those on a construction site.

process wends its way), Defendant would be under unfair pressure to settle claims which it should be able to contest on a level playing field.

The funds attached may not even belong to Progetra. The Ex Parte Order for Process of Maritime Attachment commands the U.S. Marshal or process server to "attach any and all of the Defendant's property within the District of this Court" and that the attachment:

> ***shall issue against all claims, assets, cash, funds, credits, wire transfers, accounts, letters of credit, electronic funds transfers, freights, sub-freights, charter hire, sub-charter hire or any other tangible and intangible property belonging to, due, claimed by or being held by or for the Defendant by any garnishee(s) within this District, including but not limited to [16 banks], and/or others, in an amount up to $783,759.08...

Order, P.2.

In addition to all objections Progetra has to Petraco's allegations, a motion to intervene was recently filed which puts into dispute whether the majority of the funds seized were even property of Progetra – further distancing the claim from being one which is "wholly maritime". Petraco is purposely interfering with Progetra's business activities by intercepting electronic funds transfers which may be subject to a valid assignment in an effort to give itself an advantage if it ever commences London arbitration.

### POINT 1
### RESTRICTED APPEARANCE

Pursuant to Rule E(8), Progetra hereby appears in the Southern District of New York on a restricted basis, solely to move to vacate the Attachment, quash the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment, dismiss the Verified Complaint, and to seek the other, related relief requested herein.

## POINT 2
### FAILURE TO PROPERLY SERVE PROCESS IN SWITZERLAND REQUIRES DISMISSAL

Plaintiff failed to properly serve Progetra, whose registered office is in Switzerland. Any service of documents referring to a judicial case has to be made through rogatory channels in compliance with the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters (done at The Hague, November 15, 1965). As the United States is a member of that convention, Plaintiff was required to comply with its service provision, regardless of the limited service requirements under Rule B of the Supplemental Rules. In fact, no private service is permitted in Switzerland and plaintiff may be in violation of Article 271 of the Swiss Criminal Code. Even if plaintiff may have provided actual notice of the order pursuant to Rule B of the Supplemental Rules, it still has not done so properly.

As a result of plaintiff's failure to comply with the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Criminal Matters, the Attachment must be vacated, the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment must be quashed and Verified Complaint must be dismissed.

## POINT 3
### THERE IS NO MARITIME/ADMIRALTY CLAIM; RULE B DOES NOT APPLY; ORDER DIRECTING THE CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT MUST BE VACATED AND PROGETRA SA ENTITLED TO COSTS AND ATTORNEY'S FEES

Pursuant to 28 U.S.C. § 1333, the district courts have jurisdiction to hear admiralty or maritime claims. This is not an admiralty or maritime claim. A claim under the admiralty and maritime laws of the United States involves contracts for services or

supplies that are "***directly or substantially related to the vessel's participation in maritime commerce". <u>Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.</u>, 476 F. Supp. 119, 125 (S.D.N.Y. 1979)(citing 7A Moore's Federal Practice P.230, at 2761 (1988)).

> Maritime attachments arose because it is frequently, but not always, more difficult to find property of parties to a maritime dispute than of parties to a traditional civil action. Maritime parties are peripatetic, and their assets are often transitory. Thus, the traditional policy underlying maritime attachment has been to permit the attachments of assets wherever they can be found and not to require the plaintiff to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy the judgment.

<u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d 434, 443 (2d Cir. 2006).

> In matters of contract, the principal determinant (of admiralty jurisdiction) is the relation which the cause of action bears to the ship, the great agent of maritime enterprise, and to the sea as the highway of commerce. A contract relating to a ship in its use as such, or to commerce or navigation on navigable waters, or to transportation by sea … is subject to maritime law … (Maritime character) does not attach to a contract merely because the services to be performed under the contract have reference to a ship, or to its business, … In order that such character should attached <u>there must be a direct and proximate juridical link between the contract and the operation of the ship, its navigation or its management afloat</u>…

<u>Id.</u> (citing 1 Benedict on Admiralty § 183 (7th Ed. 1974))(emphasis supplied).

In <u>Aqua Stoli Shipping Ltd.</u>, the Second Circuit set forth the standards for a maritime attachment, the burden of which is on Petraco, as follows:

**Plaintiff's burden for attachment:**

i. filing and service requirements of Supplemental Rules B and E;
ii. valid prima facie admiralty claim against defendant;
iii. defendant cannot be found within the district;
iv. defendant's property may be found within the district; <u>and</u>
v. no statutory or maritime law bar to the attachment.

<u>Id.</u> at 445.

Plaintiff has not, and cannot, satisfy the second factor, it did not and cannot state a prima facie admiralty claim as the contract for the purchase of gasoil does not directly or indirectly relate to any vessel's operation, navigation or participation in commerce.

> Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered and has complied with the requirements of Rules B and E. Although Rule E does not explicitly mention a district court's equitable power to vacate an attachment or who bears such a burden, former Local Rule 12 required the defendant to establish any equitable grounds for vacatur, and we believe that defendants still bear that burden under the Supplemental Rules.

Id.

Rule E(4)(f) requires Plaintiff to show why the attachment should not be vacated. If Plaintiff is unable to meet that burden and the vacatur of the attachment is mandatory. Id.

Justice Leval of the Southern District summarized various types of contracts which properly formed the basis for a maritime attachment, such as: a contract to lease oil pipe to a vessel owner to facilitate the loading of oil abroad the vessel; a contract to lease marine electronic equipment installed aboard vessel; and a contract to furnish a seine (large fishing net) and accessories to a fishing schooner. Integrated Container Service, Inc., 476 F. Supp. at 125 (internal citations omitted). All of those contracts were integral to a vessel's participation in commerce. The contract now before this court has no such relation. In fact, the contract in this matter doesn't even name a specific vessel by which the gasoil would be shipped.

Simply labeling claims as "maritime" does not make them so. Pires v. Heller, 2004 U.S. Dist. LEXIS 23871, *8 (S.D.N.Y. 2004). As the Second Circuit Court of Appeals teaches, "[i]f the subject matter of the contract relat[es] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to some transportation by

sea or to maritime employment, it is fairly said to constitute a maritime contract."

Fednav, Ltd. v. Isoromar, S.A., 925 F.2d 599, 601 (2d Cir. 1991).

> [T]he mere fact that the event and measure of liability are referable to the charter party does not make the bond a maritime contract… The fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce… [T]he contract articulated in a libel must be, directly and in essence, an obligation maritime in its nature, for the performance of maritime service or transactions, to confer jurisdiction.

Pacific Surety Co. v. Leatham & Smith Towing & Wrecking Co., 151 F.440, 443 (7th Cir. 1907).

In the case before this court, neither Plaintiff nor Defendant had any maritime obligations; neither was to perform any maritime service or provide any goods or services to a vessel. This is at its most; a dispute <u>not</u> with the provider of any maritime service, but between a buyer and a seller of a commodity.

A vessel is generally mentioned in the contract as a mode of transport, but the actual form of transport is ancillary to either party's obligation, performance or damages under the contract.

The Second Circuit has recognized that "*** the precise categorization of the contracts that warrant invocation of the federal courts' admiralty jurisdiction has proven particularly elusive… It is the character of the work to be performed under the contract that is determinative of whether the agreement was maritime". Ingersoll Milling Machine Co. v. M/V Bodena, 829 F.2d 293, 301-302 (2d Cir. 1987) (internal quotations and citations omitted). After a discussion of the services performed by a freight forwarder, the court concluded that "**[w]ithout these, there can be no voyage**". Id. at 302 (emphasis supplied).

> An obligation to procure a bill of lading for an ocean shipment, in our view, is a contract relating to transportation by sea. The procurement of the proper papers and documents relating to a shipment by sea is an essential and integral part of the shipping process; a contract to obtain

<p style="margin-left: 2em;">those papers, therefore, falls squarely within the admiralty jurisdiction of the federal courts.</p>

Id. at 302-303.

This matter is clearly distinguishable as being non-maritime as neither party to the contract or to this matter had those obligations. <u>Without gasoil being shipped by Progetra to Petraco, there may be some more room in the ship, but this would not affect whether or not any vessel actually makes any voyage or whether either party had any obligations to the other fairly characterized as "maritime".</u>

Suppose a Canadian goes to England, buys a car from an auto manufacturer, directs that it be shipped to Canada by boat, agrees with the seller to reimburse the freight costs and then is alleged to not pay those costs. The contract to buy the car remains just that; a contract to buy a car. It is not a maritime agreement, subjecting the buyer to attachment of all of his U.S. assets under the maritime jurisdiction of a United States federal court. So in this case, the purchase and sale contract for gasoil is not a "maritime" contract simply because the goods were to be moved by ship and there is now a dispute between buyer and seller over the liability for certain related charges.

Recently, District Judge Leisure, of the Southern District of New York, decided a similar action which arose out of a maritime contract charter party agreement which provided that disputes shall be governed by English law and referred to arbitration in London. <u>Naias Marine SA v. Trans Pacific Carriers Co., Ltd.</u>, 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. 2008). The charter party gave notice that it would not make one of a series of voyages provided for in the contract and the owner of the vessel made other charter arrangements for the vessel. The charter party sued and sought attachment of the vessel owner's assets which was granted and later withdrawn based on the vessel owner

providing a letter of guaranty from a bank. The vessel owner then filed suit and sought an attachment for anticipated costs and fees it anticipated in defending a London arbitration. Initially, the order was granted, but following a discussion of the controlling English law it was vacated because the claim relates to legal representation which were determined to be "***too tangential to maritime law to be considered maritime claims". Id. at *15 (internal quotations and citations omitted).

In the instant case, Petraco's claim for damages includes its "anticipated recovery" in a non-maritime arbitration it has not yet commenced, interest on that principal claim and legal fees for bringing that claim. There is nothing uniquely or wholly maritime about a commodities contract or the enforcement thereof. As seen in Naias Marine legal fees fall outside the federal court's jurisdiction as it is not governed by maritime law.

Further, Rule E(2)(b) permits to Court to require plaintiff to post security for costs and attorneys fees to protect a defendant from an improper seizure. There was no security posted in this matter, and Progetra seeks to recovery its costs and attorney fees in defending this matter.

As this matter does not involve a maritime or admiralty claim and therefore Rule B of the Supplemental Rules does not apply, the Attachment must be vacated, the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment must be quashed and the Verified Complaint must be dismissed.

## POINT 4
## ARBITRATION CLAUSE DESIGNATES ENGLISH LAW
## AND LONDON ARBITRATION
## IT DOES NOT CREATE JURISDICTION IN THE UNITED STATES

The arbitration clause, Paragraph 15 of Contract No. P-09/3, dated July 27, 2004, states in full:

> LAW AND JURISDICTION: The contract shall be governed by and construed in accordance with English law (without reference to any conflict of law rules). The U.N. Convention on Contracts for the International Sale of Goods (1980) shall not apply. Any disputes hereunder shall be settled within the exclusive jurisdiction of the London Arbitration.

This matter was commenced via a conclusory complaint, which was never drafted to commence actual litigation on the merits here or elsewhere. It was instead part of a scheme to wrongly attach unrelated funds of Defendant many years before an arbitration award and before Plaintiff had even commenced arbitration. Plaintiff's statement that it sought the attachment in "aid" of arbitration was patently false, as arbitration had not yet been commenced.

The law and jurisdiction provision in the contract before this court is unambiguous and was clearly negotiated. Plaintiff waived any rights to the use of the law or courts of any other jurisdiction other than "English law" and "London Arbitration". Paragraph 15. Any attempt by Plaintiff to compel arbitration other than in London or use New York law or the Federal court system to "*** give effect to the London arbitration", which has not yet been formally commenced is patently inappropriate. There is no arbitration award. In fact, in its own estimation, stated in Paragraph 12 of its complaint, Plaintiff expects arbitration to last two years. This supports Defendant's belief that the real purpose of the attachments is to pressure Defendant into a settlement by wrongfully

tying up Defendant's funds. The Convention, if applicable at all, would come into play only if, as, and when there was an Award to enforce. It cannot be used to create otherwise non-existent federal jurisdiction, particularly at this stage of the dispute between the parties.

It is nothing short of disingenuous to allege that the Federal Arbitration Act, which favors arbitration, creates jurisdiction in this federal court so as to bypass a clear arbitration clause in a contract.

"Interpretation of an arbitration clause under the FAA is a question of federal law, and must be interpreted in accordance with the general federal law of contracts… Under general principles of federal contract law, the court must review the parties' intent as expressed in the language of the contract documents". <u>Matter of Arbitration between Standard Tallow Corp. and Kil-Management A/S</u>, 901 F.Supp. 147, 149-150 (S.D.N.Y. 1995)(internal quotations and citations omitted)(Justice Motley refused to compel New York arbitration when contract provided for arbitration in London, even though New York arbitration was provided for in a later paragraph of the form agreement).

Pursuant to the unambiguous arbitration clause in the contract specifying English law and London arbitration as the exclusive law and forum for dispute resolution, this Court lacks jurisdiction. Therefore, the Attachment must be vacated, the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment must be quashed and the Verified Complaint must be dismissed.

## POINT 5
## THERE IS NO FEDERAL QUESTION
## THIS COURT LACKS JURISDICTION

There is no Federal question under 28 U.S.C. §1331, which states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States". Plaintiff doesn't explain its conclusion that this Court has jurisdiction under §1331 because it cannot as there is no "Constitution, law or treaty of the United States" that this matter may "arise under".

Plaintiff alleges that the Convention on the Recognition of Foreign Arbitral Awards somehow creates a federal question but, as explained above, the Convention is not applicable in this case. There is no award between these parties that requires enforcement in the United States, under the Convention or otherwise.

The Convention, a treaty, only applies to enforcing arbitration <u>awards</u>, not threatened, but yet to be commenced arbitration.

As this Court lacks Federal question jurisdiction the Rule B of the Supplemental Rules Attachment must be vacated, the Order Directing the Clerk to Issue Process of Maritime Attachment and Garnishment must be quashed and the Verified Complaint must be dismissed.

## POINT 6
## THE COMPLAINT SHOULD BE DISMISSED
## AS THIS COURT LACKS SUBJECT MATTER JURISDICTION

The Second Circuit has stated:

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it….A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.

<u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2001) (internal citations omitted).

For the foregoing reasons, plaintiff has failed to meet the required burden to maintain this action and therefore the Verified Complaint must be dismissed.

**WHEREFORE**, Defendant Progetra SA respectfully requests that the Court grant its motion:

  a. for an order vacating the attachment;
  b. for an order quashing the order of garnishment and attachment;
  c. for an order dismissing the Verified Complaint, with prejudice;
  d. for Defendant's fees, costs, and attorney's fees in making this motion defending this action; and
  e. for other and further relief as may be just and proper.

Dated:  New York, New York
        June 26, 2008

                                    FAUST OPPENHEIM LLP

                            BY:     _____
                                    David I. Faust (DF-9739)
                                    Petra von Ziegesar (PV-3568)
                                    488 Madison Avenue, 17th Floor
                                    New York, New York 10022
                                    T: (212) 751-7700
                                    Attorneys for Defendant Progetra SA

To:   Simon Harter, Esq.
      Attorneys for Plaintiff Petraco Oil Co., Ltd.
      304 Park Avenue South - 11th Floor
      New York, New York 10010

      Jorn A. Holl, Esq.
      Attorneys for Intervener RZB
      Kavanagh Maloney & Osnato LLP
      415 Madison Avenue
      New York, New York 10017